# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### BIG STONE GAP  DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | Case No. 2:12CR00022 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| WILLIAM DAVID BRIDGES, | ) | By:  James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*Albert P. Mayer, Special Assistant United States Attorney, Abingdon, Virginia, for United States; Nancy C. Dickenson, Assistant Federal Public Defender, Abingdon, Virginia, for Defendant.*

The defendant in this criminal case, William David Bridges, has moved to dismiss the Indictment for failure to state an offense.  The Indictment charges that he traveled in interstate commerce and knowingly failed to register and update his state registration as a sex offender, as required by the Sex Offender Notification and Registration Act, in violation of 18 U.S.C.A. § 2250 (West 2007).  The defendant contends that as a matter of law he cannot be convicted of this charge because he has never been convicted of a predicate sex offense.  Because I find that he has previously been convicted of a sex offense for purposes of federal law, I will deny the defendant's motion.

For the purposes of this motion, the parties agree as to the following facts.[1]

On February 17, 1999, the defendant entered a plea of *nolo contendere* in a Florida state court to a charge of Attempted Sexual Battery upon a Child under 16 Years of Age, in violation of Florida law.  Fla. Stat. § 800.04 (1999).  The written judgment entered in the case carried a notation that, because good cause had been shown, "[I]t is ordered that adjudication of guilt be withheld."  The court directed the defendant to pay court costs and serve two years of probation, which could terminate upon his entry into the United States Army.  He also received credit for three days served in jail.

The defendant relocated to Virginia in 2010, where he registered as a sex offender with the Virginia Department of State Police Sex Offender and Crimes against Minors Registry.  The government contends that sometime between August 2, 2011, and April 10, 2012, the defendant moved from Virginia to Michigan, where he failed to register as a sex offender.  The Sex Offender Registration and

---

[1] Normally a defendant is precluded from obtaining a dismissal prior to trial on the sole ground that the evidence, once presented, will be insufficient as a matter of law to convince a reasonable jury to convict. *See United States v. Hall,* 20 F.3d 1084, 1087 (10th Cir.1994) ("Generally, the strength or weakness of the government's case, or the sufficiency of the government's evidence to support a charge, may not be challenged by a pretrial motion."). Here, however, the government has stipulated to the evidence that it will present at trial as to one of the essential elements of its case.

Notification Act ("SORNA") mandates that a sex offender must register in each jurisdiction in which he resides. 42 U.S.C.A. § 16913 (West Supp. 2012). Under SORNA, a "'sex offender' means an individual who was convicted of a sex offense." 42 U.S.C.A. 16911(1) (West Supp. 2012). SORNA does not otherwise define "convicted."

## II

The defendant claims that his prior plea of *nolo contendere* to the charge of Attempted Sexual Battery upon a Child under 16 Years of Age was not a "conviction" as Congress intended to define that term in SORNA because the court withheld a formal adjudication of guilt. In support of this contention, the defendant relies on two sources of law: the definition of "conviction" according to Black's Law Dictionary[2] and the Eleventh Circuit's decision in *United States v. Willis*, 106 F. 3d 966 (11th Cir. 1997). Accordingly, the defendant argues that he was not subject to SORNA and that his conduct in this case therefore did not constitute a criminal offense.

It is clear that for purposes of the Florida law defining the status of "sexual offender," the defendant has been "convicted" of a prior offense. Florida law

---

[2] "1. The act or process of judicially finding someone guilty of a crime; the state of having been proved guilty. 2. The judgment (as by a jury verdict) that a person is guilty of a crime. 3. A strong belief or opinion." *Black's Law Dictionary* 384 (9th ed. 2009).

defines a "sexual offender" to be a person who has been "convicted" of one of a number of predicate offenses, including the conduct involved in the defendant's prior case. Fla. Stat. § 943.0435(1)(a)a.(I) (2012). The statute defines "convicted" to mean "that there has been a determination of guilt as a result of a trial or the entry of a plea of guilty or *nolo contendere*, regardless of whether adjudication is withheld." *Id.* at (1)(b)*; see Price v. State*, 43 So. 3d 854, 857 (Fla. Dist. Ct. App. 2010) (holding that the statute necessitates a finding that a person has been convicted even where the person entered a plea of *nolo contendere* and adjudication of guilt was withheld by the court). The defendant in this case, therefore, has been convicted of a sex offense requiring registration under Florida law.[3]

It is not immediately clear, however, that SORNA simply accepts a state's definition of "convicted" in imposing its registration requirement. The statute itself does not so specify, and "[i]n the absence of a plain indication to the contrary, however, it is to be assumed when Congress enacts a statute that it does not intend to make its application dependent on state law." *NLRB v. Natural Gas Util. Dist.*, 402 U.S. 600, 603 (1971). Because Congress has not otherwise

---

[3] That the defendant was convicted under Florida law is further evidenced by the fact that he was required to register as a sex offender in Florida. On January 23, 2001, the defendant entered a plea of *nolo contendere* to a charge of Failure to Register as a Sex Offender in violation of Florida law. Fla. Stat. § 943.0435 (2000). The defendant was found guilty of this offense.

indicated, interpretation of the word "convicted" in SORNA is a question of federal law.

Congress has delegated responsibility for issuing guidelines and implementing SORNA to the Attorney General of the United States. 42 U.S.C.A. § 16912 (West Supp. 2012). Although most courts interpreting these guidelines have focused on their *ex post facto* implications for individuals convicted of sex offenses before SORNA's passage, the Attorney General's responsibility is framed more broadly, covering the entire registration process SORNA has mandated. The Attorney General's guidelines provide that "an adult sex offender is 'convicted' for SORNA purposes if the sex offender remains subject to penal consequences based on the conviction, however it may be styled." 73 Fed. Reg. 38030, 38050 (July 2, 2008). "[N]ominal changes or terminological variations that do not relieve a conviction of substantive effect" do not negate the SORNA requirements. *Id.* The Attorney General, therefore, appears to read the definition of "convicted" to be a matter of federal law independent of and unlimited by any labels assigned to an adjudication under state law.

In this case, the defendant suffered penal consequences in that he was sentenced to, among other things, two years of probation. The Attorney General's guidelines, therefore, lead to the same conclusion counseled by the law of the state of Florida – that the defendant has been "convicted."

It does not appear that any federal courts have had occasion to address the proper definition of "convicted" in the context of SORNA. Both the defendant and the government have cited to cases in which federal courts have addressed pleas of *nolo contendere* in Florida in other contexts. These cases are not dispositive in that they apply *nolo contendere* pleas to other federal statutes that may incorporate different definitions of the word "convicted." As the Supreme Court has observed, "To be sure, the terms 'convicted' or 'conviction' do not have the same meaning in every federal statute." *Dickerson v. New Banner Inst., Inc.*, 460 U.S. 103, 113 n.6 (1983). Because some federal statutes explicitly incorporate the content of state law with regard to a prior conviction and others, like SORNA, do not, there will not always be one consistent approach to the issue among all federal statutes. These decisions do, however, provide a helpful framework with which to interpret the meaning of "convicted" in this statute.

In *Dickerson*, the Supreme Court addressed Title IV of the Gun Control Act of 1968. *Id.* at 103. The decision has since been abrogated by a statute in which Congress explicitly provided that the law of the sentencing jurisdiction should determine whether a defendant has been "convicted" for purposes of this statute. *See United States v. Pennon*, 816 F. 2d 527, 529 (10th Cir. 1987). A number of courts, however, have continued to look to *Dickerson* in evaluating the meaning of "convicted" in statutes where Congress has not yet made such a specification. *See*

Case 2:12-cr-00022-JPJ-PMS Document 41 Filed 10/29/12 Page 6 of 10 Pageid#: 91

*United States v. Cuevas*, 75 F.3d 778, 781-782 (1st Cir. 1996) ("That congressional action, however, reflects not a disagreement with the Court's reasoning, but merely that Congress determined that its legislative objectives would be better served by defining 'conviction' by reference to state law."). Because the Supreme Court's analysis addresses the question in this case, as well as the fact that the Fourth Circuit has continued to look to *Dickerson* for guidance on this issue, *United States v. Wright,* No. 00-4030, 2000 WL 1846340 (4th Cir. Dec. 18, 2000) (unpublished), I will apply the Court's analysis in this case.

The defendant in *Dickerson* had previously pled guilty to a charge of carrying a concealed weapon, but the state court deferred entry of formal judgment in favor of placing the defendant on probation. 460 U.S. at 107-108. After a year without incident, the defendant was discharged without entry of formal judgment. *Id.* at 108. The Supreme Court nonetheless found that the defendant had been "convicted" for purposes of the Gun Control Act of 1968 because he had received a sentence. "[O]ne cannot be placed on probation if the court does not deem him to be guilty of a crime." *Id.* at 113-114. The court further noted that the statute at issue in *Dickerson* contained no language seeking to limit the potential applicability of the statute, reflecting the "congressional intent to rule broadly to protect the public." *Id.* at 113 n.7.

The Fourth Circuit has also applied this analysis in interpreting a similar statute. In *Wright*, the Fourth Circuit addressed a sentencing enhancement available under 21 U.S.C.A. § 841 (West 1999 & Supp. 2012). 2000 WL 1846340, at *1. The defendant had previously entered a *nolo contendere* plea in Florida in which adjudication was withheld on a relevant charge. The court noted that "although the definition of 'convicted' may vary according to its use in different federal statutes, the entry of formal judgment typically establishes that the prior plea was a 'conviction,' absent language in the relevant statute defining 'conviction' more narrowly." *Id.* at *5. The court went on to note that "the relevant inquiry in defining the term 'conviction' is not the nature of the plea entered by the defendant but rather the entry of final judgment of guilty and the imposition of a sentence indicating the defendant's guilt." *Id.* (citing *Dickerson,* 460 U.S. at 113 n.7). The court further emphasized that the text of the statute at issue in *Wright* did not "indicate any congressional intent to limit the scope of the term 'conviction' within that statute so as to exclude those pleas that result in the entry of a formal judgment." *Id.* The court concluded that a plea of *nolo contendere* in Florida with the imposition of a term of probation and a fine was sufficient to establish that the defendant had a prior conviction for purposes of § 841.

Case 2:12-cr-00022-JPJ-PMS   Document 41   Filed 10/29/12   Page 8 of 10   Pageid#: 93

The same analysis can be applied here.  The defendant received a sentence of two years of probation.  SORNA contains no modifying language limiting the definition of "convicted."  There is also a clear concern for protecting the public animating this statute, warranting the conclusion that Congress intended for its provisions to be construed broadly.  *See* 42 U.S.C.A. § 16901 (West Supp. 2012).

The defendant relies upon *United States v. Willis* to support his argument that other courts have held that *nolo contendere* pleas in Florida do not constitute convictions.  The statute at issue in *Willis*, 18 U.S.C.A. § 921(a)(20) (West 2000), explicitly provided, "What constitutes a conviction of such a crime shall be determined in accordance with the law of the jurisdiction in which the proceedings were held."  The court in *Willis* found that the law of Florida at the time did not treat a *nolo contendere* plea to a charge of being in possession of a firearm as a conviction.  Even if the statute at issue here were read to imply such an incorporation of state law, Florida law clearly defines a *nolo contendere* plea to a charged sexual offense to constitute a conviction.  Because the *Willis* court evaluated a distinct state law issue in the context of a different federal statute that contained additional provisions that are absent from SORNA, the case does not directly inform the appropriate disposition of the defendant's motion.

Applying the analysis from *Wright* and *Dickerson*, the defendant in this case suffered the imposition of a sentence of probation against him on his prior charge.

Moreover, the language of SORNA does not include any restrictions that would limit the definition of "conviction." Finally, the statute's nature supports a broad definition of "convicted," a definition that is supported in this case by the meaning accorded a plea of *nolo contendere* under Florida law.


III

For the reasons stated above, the defendant's Motion to Dismiss the Indictment (ECF No. 30) is **DENIED.**


ENTER: October 29, 2012

/s/ James P. Jones
United States District Judge